FILED

Fee Paid

2008 MAY 23 P 1:17

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1  JAMES DAL BON
   CA BAR #157942
   LAW OFFICES OF JAMES DAL BON
2  28 NORTH 1ST SUITE 210
   SAN JOSE, CA 95113
3  TEL (408)297-4729
   FAX (408)297-4728
4
   ATTORNEY FOR PLAINTIFFS

E-FILING

ADR

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HECTOR ROMO, ISAI LANDA ARCILA,    )  Case No: C08 02613 PVT
                                    )
OLGA ANGUIANO ESPINOZA              )  COMPLAINT FOR DAMAGES AND
                                    )  DEMAND FOR JURY TRIAL:
      Plaintiffs,                   )    1) Violation of California Labor Code
                                    )       Section 510;
      vs.                           )    2) Violations of the Federal Fair Labor
                                    )       Standards Act;
JOSE MUNOZ dba TAQUERIA             )    3) Violation of California Business and
                                    )       Professions Code Section 17200; and
CONSUELITO AND DOES 1-10            )    4) Violation of California Labor Code
                                    )       Section 201; and
      Defendants                    )    5) Violation of California Labor Code
                                    )       Section 226.
                                    )
                                    )

## NATURE OF CLAIM

This is an action on behalf of HECTOR ROMO, ISAI LANDA ARCILA, OLGA ANGUIANO ESPINOZA who have been employed on a hourly basis by JOSE MUNOZ dba TAQUERIA CONSUELITO AND DOES 1-10 during VARIOUS PERIODS OF TIME prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiff seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor

COMPLAINT - 1

1 | Code § 203, damages for inadequate pay statements under California Labor Code Section 226,
2 | and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and
3 | 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California
4 | Business and Professions Code § 17203.

## PARTIES

1. At all times relevant herein, Plaintiff Hector Romo is an individual resident of Livermore, California.

2. At all times relevant herein, Plaintiff Isai Landa Arcila is an individual resident of Livermore, California.

3. At all times relevant herein, Plaintiff Olga Anguiano Espinoza is an individual resident of Livermore, California.

4. At all times relevant herein, Defendant Jose Munos, is the sole owner, operating a restaurant business in Livermore, California.

5. At all times relevant herein, Defendant Taqueria Consuelito, is a restaurant in Livermore, California.

Individual Defendants DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of JOSE MUNOZ dba TAQUERIA CONSUELITO AND DOES 1-10, having control over the Plaintiffs' work condition and work situation.

## GENERAL ALLEGATIONS

6. At all times relevant herein, Plaintiffs were employees of defendants doing business as a range of different professions in Livermore, California.

7. Plaintiffs were according to information and belief, employee of Defendants acting in the normal course and scope of their employment as restaurant workers with Defendants.

8. During the course of Plaintiffs' employment with Defendant, Plaintiffs regularly worked in excess of 40 hours per week.

9. Plaintiffs were paid on an hourly basis.

10. Plaintiffs did not perform "exempt" duties in their different assigned positions as cooks, butchers and a waitress with defendants and thus was not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs did not even marginally responsible for management or administrative functions, and their primary job did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

11. At no time during the Plaintiff's employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of Taqueria Consuelito where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did they participate in the development of general administrative policies of Taqueria Consuelito.

**COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510**

**FAILURE TO PROPERLY PAY OVERTIME WAGES**

12. Plaintiffs re-allege and incorporate paragraphs 1-11 as if fully stated herein.

13. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

14. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

15. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

16. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs in an amount to be determined at trial.

17. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

18. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

19. Pursuant to Labor Code Section 1194(a), Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred by them in this action.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

20. Plaintiff re-alleges and incorporates paragraphs 1-19 as if fully stated herein.

21. At all relevant times herein, Plaintiffs' employment were subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees covered by virtue of Plaintiffs' direct engagement in interstate commerce.

22. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

23. Although Plaintiffs were not so exempt during employment with Taqueria Consuelito, defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty

hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

24. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

25. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

26. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

27. Defendants therefore owe Plaintiffs overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

28. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE: VIOLATION OF CA LABOR CODE SECTION 201
## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

29. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-28 as if fully stated herein.

30. At the time Plaintiffs' employment with Taqueria Consuelito, defendant's owed Plaintiffs certain unpaid overtime wages in amounts previously alleged.

31. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

32. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

33. Pursuant to Labor Code Section 218.5, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

34. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

35. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-34 as if fully stated herein.

36. At all times relevant herein, Plaintiffs' employment with defendants applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

37. At all times relevant herein, as the employer of Plaintiff, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiff overtime pay as required by applicable California Labor Code and applicable Wage Orders.

38. During the period Plaintiff was employed with Taqueria Consuelito defendants failed to pay Plaintiff legally required overtime pay to which he were legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiffs.

39. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California

Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

40. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

41. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

42. Plaintiffs, having been illegally deprived of the overtime pay to which he were legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

## COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226
## INADEQUATE PAY STATEMENTS

43. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-42 as if fully stated herein.

44. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates for which payment are being made, and the current address and name of the employer.

45. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of

either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

46. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiff with adequate pay statements as required by California Labor Code §226.

47. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

48. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

49. Plaintiffs are therefore legally entitled to recover actual damages caused by defendants' failure to provide proper records, in an amount to be determined at trial.

50. Plaintiffs has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

**COUNT SIX: VIOLATION OF CA LABOR CODE SECTION 226.7 FAILURE TO PROVIDE MEAL PERIODS**

51. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-50 as if fully stated herein.

52. At relevant times herein, Plaintiffs' employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires employers to provide employees a half-hour meal period for every five hours worked, unless expressly exempted.

53. During their employment with Defendants, Plaintiffs worked more than six hours per day, and were not provided meal periods as required by law.

54. Pursuant to California Labor Code section 226.7, plaintiffs are entitled to recover one additional hour of pay at each employee's regular rate of compensation, for each time that plaintiffs were not provided the required meal period.

55. Plaintiffs are therefore entitled to payment, in an amount subject to proof.

**COUNT SEVEN: NEGLIGENT RETENTION, SUPERVISION AND TRAINING OF AN EMPLOYEE**

56. Plaintiff incorporates each allegation set forth in paragraphs 1 through 55.

57. At times as mentioned in this complaint, Defendant negligently trained, retained and supervised his supervisory and administrative employees. Defendants failed to exercise reasonable care in the supervision, retention and training of employees including but not limited to failing to adequately supervise and train employees on the laws concerning the payment of wages and wage discrimination.

58. Defendant negligently failed to investigate the background of supervisory and administrative employees.and also failed to take reasonable steps to protect Plaintiffs' wages and Plaintiffs from wage discrimination.

59. Defendant failed to supervise his employees including but not limited to managing agents and their employees/agents knew or reasonably should have known that the conduct and acts of omission set forth above violated Plaintiffs rights under state and federal law.

60. Defendant knew or should have known that unless he intervened to protect Plaintiffs and to adequately supervise, regulate, or discipline the conduct of supervisory and administrative employees, he ratified the acts or omissions of supervisory and administrative employees.

61. As a result of the aforementioned behavior of Defendant, plaintiffs have suffered and continue to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

62. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for the following relief:

63. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined;

64. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

65. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

66. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

67. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

68. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

69. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

70. For general damages in an amount subject to proof;

71. For special damages in an amount subject to proof;

72. For punitive damages

73. For costs of suit herein; and

74. For such other and further relief as the Court may deem appropriate.

1  May 16, 2008

JAMES DAL BON
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET
SUITE 210,
SAN JOSE, CA 95113

JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET SUITE 210
SAN JOSE, CA 95113
(408)297-4279

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ROMO, ISAI LANDA ARCILA, OLGA ANGUIANO ESPINOZA<br><br>Plaintiffs,<br><br>vs.<br><br>JOSE MUNOZ dba TAQUERIA CONSUELITO AND DOES 1-10<br><br>Defendants | Case No:<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs demand a jury trial.

JAMES DAL BON
Law Offices of James Dal Bon
28 North First, St, Suite 210
San Jose, CA 95113

JS 44 - No. CA___ (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

### I.(a) PLAINTIFFS
HECTOR ROMO, ISAI LANDA ARCILA, OLGA ANGUIANO ESPINOZA

### DEFENDANTS
JOSE MUNOZ dba TAQUERIA CONSUELITO AND DOES 1-10

**E-FILING**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of James Dal Bon
28 North 1st Street Suite 210, San Jose, CA 95113

ATTORNEYS (IF KNOWN)

**ADR**

**C08  02613  PVT**

## II. BASIS OF JURISDICTION (PLACE AN "✗" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✗" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)  AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "✗" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✗" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 480 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (US Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
29 U.S.C. 209, et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 120,000.00
☐ CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✗" IN ONE BOX ONLY)
☑ SAN FRANCISCO/OAKLAND   ☑ SAN JOSE

DATE 5/22/08

SIGNATURE OF ATTORNEY OF RECORD